## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## EASTERN DIVISION
## PIKEVILLE

**CRIMINAL ACTION NO. 7:22-CR-001-REW**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| V.    **MOTION TO DISMISS** | |
| **JAYSHAWN ROBINSON** | **DEFENDANT** |

\* \* \* \* \*

Comes now the United States, by and through counsel, and hereby files, pursuant to Criminal Rule 48(a), this motion to dismiss without prejudice the Indictment [R. 1] in the above-captioned matter as to Defendant Jayshawn Robinson only.[1]

Federal Rule of Criminal Procedure 48(a) provides that "the government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). Interpreting this Rule, the Sixth Circuit has found that, "[u]nder Rule 48(a), courts must grant prosecutors leave to dismiss charges unless dismissal is 'clearly contrary to manifest public interest.'" *United States v. Stapleton*, 297 F. App'x 413, 431 (6th Cir. 2008) (citing *Rinaldi v. United States,* 434 U.S. 22, 30 (1977)). In support of that proposition, the Sixth Circuit cited favorably the Tenth Circuit case of *United States v. Robertson*, 45 F.3d 1423, 1437 n. 14 (10th Cir.1995), which the Sixth Circuit

---

[1] This motion to dismiss is not intended to seek the dismissal of the indictment as to Co-Defendant Justin Bryant or John Holbrooks. This motion is also not intended to dismiss the charges against Robinson in *United States v. Jayshawn Robinson*, 7:21-CR-11-REW.

summarized as standing for the proposition that "courts are vested only with limited supervisory power of prosecutorial charging decisions specifically under Rule 48(a)." *Id.*; *see also, United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975) ("The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.").

On January 27, 2022, the grand jury in the Eastern District of Kentucky returned an Indictment against Jayshawn Robinson charging, among other things, that Robinson conspired with others (including Justin Bryant and John Holbrooks) to distribute controlled substances in Pike County, Kentucky and elsewhere between October 12, 2021 and October 12, 2021. [R. 1]. At the time this indictment was returned, Robinson already had a pending charge (in the case of *United States v. Jayshawn Robinson*, 7:21-CR-11-REW) for conspiracy to distribute controlled substances between April 2021 and August 12, 2021 in Johnson and Magoffin Counties. On March 21, 2022, Robinson pled guilty to the charge in his other case (*United States v. Jayshawn Robinson*, 7:21-CR-11-REW). That guilty plea was pursuant to a written plea agreement, which stated: "the United States also agrees to move to dismiss the charge against this Defendant in the case of *United States v. Jayshawn Robinson*, 7:22-CR-01-REW, unless the Defendant breaches this agreement." The United States intended to effectuate that agreement at Robinson's sentencing hearing, at which point the plea agreement is finally accepted and

after which there would remain no opportunity for a plea agreement breach. However, for reasons known to the Court, Robinson's sentencing hearing (case number *United States v. Jayshawn Robinson*, 7:21-CR-11-REW) has been continued to October 21, 2022. That is after trial of this case, which is scheduled to proceed against co-defendant Justin Bryant on October 5, 2022.

Therefore, pursuant to Criminal Rule 48(a), the United States respectfully requests that court dismiss the charges against Robinson without prejudice such that the charges against Robinson do not remain pending at the time of the October 5, 2022 trial of co-defendant Justin Bryant. This allows the trial of Bryant to proceed as scheduled, and allows the parties to Robinson's plea agreement to receive effect of their negotiated resolution. Specifically, in the event that Robinson does not breach his plea agreement, the United States would be barred by the agreement from re-asserting the charges in this case ("the United States will bot bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement."). Further, to the extent necessary, it would be the intention of the United States to move to dismiss the indictment in this case (*United States v. Jayshawn Robinson*, 7:22-CR-01-REW, as to Jayshawn Robinson only) with prejudice at Robinson's forthcoming sentencing, if there is no breach of his plea agreement in the interim period.

The United States has consulted with counsel for Robinson, who has indicated that there is no objection to this motion or to proceeding in this manner.

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

*/s/ Andrew H. Trimble*
Assistant United States Attorney
601 Meyers Baker Road, 2nd Floor
London, Kentucky 40741
(606) 330-4838
Andrew.Trimble@usdoj.gov

## CERTIFICATE OF SERVICE

On September 24, 2022, I electronically filed this motion through the ECF System, which will provide notice to the relevant counsel of record.

*/s/ Andrew H. Trimble*
Assistant United States Attorney