UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

Eastern District of Kentucky
**FILED**

OCT 07 2022

At Pikeville
Robert R. Carr
CLERK U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:22-CR-1-REW-EBA-1 |
| v. | ) | |
| | ) | JURY INSTRUCTIONS |
| JUSTIN BRYANT, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

### Instruction #1: Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of each crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

1

## **Instruction #2: Jurors' Duties**

You have two main duties as jurors. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt as to each charge. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I may say, you must follow what I say. What I say about the law controls.

Perform these duties justly, faithfully, and fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### Instruction #3: Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the defendant has pleaded not guilty to each crime charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the government tells a defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

The defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence, as to each charge, stays with the defendant unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty as to a particular charge.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that the defendant is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty of a charge unless the government convinces you beyond a reasonable doubt that he is guilty of that charge.

To find the defendant guilty of a charge, the government must prove every element of that charge beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty of a charge beyond a reasonable doubt, say so by returning a guilty verdict for the defendant as to that charge. If you are not convinced, say so by returning a not guilty verdict for the defendant as to that charge.

**Instruction # 4: Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and any stipulations.

Nothing else is evidence. The Indictment is not evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked. I may also have ruled that you could not see some of or parts of the exhibits that the lawyers wanted you to see. And I may have ordered you to disregard things that you saw or heard, or I may have struck things from the record. If I did, you must completely ignore all such excluded things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

4

## Instruction # 5: Consideration of Evidence

You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

## **Instruction # 6: Direct and Circumstantial Evidence**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

6

## Instruction # 7: Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence,

remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## Instruction # 8: Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses that testified makes any difference.

Do not make any decisions based on the number of witnesses. What is important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## Instruction # 9: Lawyers' Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on any objections as any indication of how I think the case should be decided. My rulings were neutral and based on the rules of evidence, not on any feeling or sense I have about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court and these instructions.

## Introduction # 10: Introduction (Defining the Alleged Crimes)

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is on trial only for the particular crimes charged in the Indictment. The defendant is not on trial for other alleged acts or wrongs. Your job is limited to deciding whether the government has proved the defendant guilty of each crime charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for the alleged crime is not a proper matter for you to consider. The possible guilt of others not before the Court in this trial is no defense to a criminal charge in this case. Your job is to decide if the government has proved the defendant guilty as to each particular charge the defendant faces. Do not let the possible guilt of others influence your decision in any way.

**Instruction # 11: Separate Consideration—Single Defendant Charged with Multiple**

**Crimes**

The defendant has been charged with multiple counts. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has proven beyond a reasonable doubt that the defendant is guilty of that particular charge.

## **Instruction # 12: Mixture or Substance**

One more thing. For the purposes of these instructions, whenever I use the term "heroin" I mean, and the term is shorthand for, a mixture or substance containing a detectable amount of heroin. Whenever I use the term "fentanyl" I mean, and the term is shorthand for, a mixture or substance containing a detectable amount of fentanyl. Whenever I use the term "para-fluorofentanyl" I mean, and the term is shorthand for, a mixture or substance containing a detectable amount of para-fluorofentanyl.  Under federal law, heroin and para-fluorofentanyl are Schedule I controlled substances, and fentanyl is a Schedule II controlled substance.

I will now explain the charged crimes.

### Instruction # 13: Overview

The Indictment charges Defendant Justin Bryant with two separate crimes. Count 1 charges him with conspiring together and with others to knowingly and intentionally distribute controlled substances – heroin, a Schedule I controlled substance, fentanyl, a Schedule II controlled substance, and para-fluorofentanyl, a Schedule I controlled substance. Count 2 charges the defendant with knowingly and intentionally distributing fentanyl, a Schedule II controlled substance, and para-fluorofentanyl, a Schedule I controlled substance, the use of which resulted in the death of another person, identified as James Cornett.

For you to find the defendant guilty of a crime, you must find that the government has proved each of the crime's elements beyond a reasonable doubt. If you reach a decision consistent with the instructions and your findings on the evidence, you may find the defendant guilty of one of the crimes charged, both of the crimes charged, or neither of the crimes charged.

## Instruction # 14: [Count 1] Drug Conspiracy

**Count 1** of the Indictment charges that the defendant did conspire together and with others to knowingly and intentionally distribute controlled substances, specifically heroin, fentanyl, and para-fluorofentanyl. All of these are controlled substances under federal law. It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of Count 1, the government must prove both of the following elements beyond a reasonable doubt:

> **First**, as and where charged in Count 1, that two or more persons conspired, or agreed, to distribute controlled substances, here heroin, fentanyl, and para-fluorofentanyl;

> **and**

> **Second**, that the defendant knowingly and voluntarily joined the conspiracy.

Now I will give you more detailed instructions on some of these terms:

### Criminal Agreement

Regarding the first element – a criminal agreement – to government must prove that two or more persons conspired, or agreed, to cooperate with each other to distribute controlled substances. This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. Generally, a single transaction between a buyer and a seller is not sufficient, alone, to establish the existence of a conspiracy between the buyer and seller. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to distribute a controlled substance. This is essential.

An agreement can be proved indirectly, by facts and circumstances that lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

### Connection to the Conspiracy

Regarding the second element –the defendant's connection to the conspiracy – the government must prove that the defendant knowingly and voluntarily joined that criminal agreement.

The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

Further, this does not require proof that the defendant knew the substances involved were heroin, fentanyl, or para-fluorofentanyl. It is enough that he knew that there were some kinds of controlled substances involved. Nor does this require proof that the defendant knew how much of the substance was involved. It is enough that the defendant knew that some quantity was involved.

But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances that lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

\* \* \* \* \*

If you are convinced that the government has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict on Count 1. **If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of Count 1.**

## Instruction # 15: [Count 2] Distribution

Count 2 of the Indictment charges the defendant with the crime of distributing a mixture or substance containing a detectable amount of fentanyl and a detectable amount of para-fluorofentanyl, the use of which resulted in the death of another person. Fentanyl and para-fluorofentanyl are controlled substances under federal law. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First**, as and where charged in Count 2, the defendant knowingly distributed a mixture or substance containing a detectable amount of fentanyl and/or a detectable amount of para-fluorofentanyl;

**Second,** the defendant knew at the time of distribution that what he distributed contained a controlled substance;

**Third**, that James Cornett died as a result of his use of such controlled substances distributed by Justin Bryant;

**Fourth,** the defendant was part of the distribution chain that placed the mixture or substance containing a detectible amount of fentanyl and/or a detectable amount of para-fluorofentanyl into the hands of James Cornett.

Now I will give you more detailed instructions on some of these terms

### Distribute

The term "distribute" means the defendant delivered or transferred a controlled substance. The term "distribute" includes the actual, constructive, or attempted transfer of a controlled substance. The term "distribute" also includes the sale of a controlled substance.

### Knowingly

To prove that the defendant "knowingly" distributed the fentanyl and/or para-fluorofentanyl, the defendant did not have to know that the substance was a mixture or substance containing a detectible amount of fentanyl and/or a detectible amount of para-fluorofentanyl. It is

enough that the defendant knew that he possessed some kind of controlled substance. Further, the defendant did not have to know how much of a mixture or substance containing a detectible amount of fentanyl and/or a detectable amount of para-fluorofentanyl he distributed. It is enough that the defendant knew that he distributed some quantity of a controlled substance.

### Death as a Result of Use

To find the third element, you must find that James Cornett used the same substances that you determine Justin Bryant distributed (if you so find) and that such use by Cornett was the but-for cause of his death.    But-for causation means that without using the controlled substances distributed by the defendant, James Cornett would not have died. The government need not prove that death of James Cornett or any person was foreseeable to the defendant.

### Distribution Chain

The defendant was part of the applicable distribution chain if he personally distributed or participated in distributing the substance that James Cornett ultimately used, resulting in his death.

**Instruction # 16: Defense Theory**

That concludes the part of my instructions explaining the elements of the crime. Next, I will explain the defendant's position.

The defense contends that the government has failed to meet its burden to prove the elements of Counts 1 and 2 beyond a reasonable doubt.

## Instruction # 17: Dates in the Indictment

Next, I want to say a word about the dates mentioned in the Indictment.

The Indictment charges that crimes occurred "on or about" certain dates.  The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

## Instruction # 18: Inferring Required Mental State

Next, I want to explain something about proving the defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But the defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results.

This, of course, is all for you to decide.

### Instruction # 19: Use of the Word "And" in the Indictment

Although the Indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

## Instruction # 20: Introduction (Special Evidentiary Matters)

That concludes the part of my instructions explaining the elements of the crimes and the defendant's position. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

## Instruction # 21: Defendant's Election Not to Testify

A Defendant has an absolute right not to testify. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## <u>Instruction # 22: Opinion Testimony</u>

You have heard the testimony of Dr. Meredith Frame and William Schroeder, each of whom testified as an opinion witness.

You do not have to accept any witness's opinions. In deciding how much weight to give any opinion, you should consider the witness's qualifications and how he/she reached his/her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## Instruction # 23: Witness Testifying to Both Facts and Opinions

You have heard the testimony of Iain Dalrymple, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept any witness's opinions. In deciding how much weight to give any opinion, you should consider the witness's qualifications and how he/she reached his/her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**Instruction # 24: Testimony of a Witness with a Hope or Expectation of Reduced Criminal Liability**

You have heard the testimony of John Holbrooks and Jayshawn Robinson. You have also heard that the government may recommend a reduced sentence in exchange for cooperation by these witnesses.

It is permissible for the government to make such an offer. But you should consider the witnesses' testimony with more caution than the testimony of other witnesses. Consider whether any such witness's testimony may have been influenced by the government's offer.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

28

## Instruction # 25: Testimony of an Accomplice

You have heard the testimony of John Holbrooks and Jayshawn Robinson. You have also heard that each witness was involved in the same crime that the defendant is charged with committing. You should consider such witness's testimony with more caution than the testimony of other witnesses.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his/her testimony beyond a reasonable doubt.

The fact that such witness has pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

**Instruction # 26: Statement by Defendant**

You have heard evidence that the defendant, Justin Bryant, made a statement in which the government claims he admitted certain facts. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

You may not convict the defendant solely upon his own uncorroborated statement or admission.

**Instruction # 27: Stipulations**

The government and the defendant have agreed, or stipulated, to certain facts. The Court read the stipulations to you, and the document setting forth the stipulations is in evidence. You must accept the stipulated facts as proved.

## Instruction # 28: Introduction
## (Jury Deliberations)

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the Court Security Officers (CSOs), or to me, or to anyone else except each other about the case. If you have a question or message, you must write it down on a piece of paper, have the foreperson sign it, fold the piece of paper such that no writing is outwardly visible, and then give it to the CSO. Typically, any questions or messages should be signed by and passed to the CSO through your foreperson. The CSO, without reading it, will then give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.

A hard copy of any paper or physical exhibits that were admitted in evidence will be provided or available to you. Admitted electronic or digital evidence, if any, is available for your review. If you have questions about how to access an exhibit, alert the Court.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## **Introduction # 29: Juror Conduct**

Remember that you must make your decision based only on the evidence that you saw and heard here in court. That is part of your solemn oath.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, app, or website such as Facebook, LinkedIn, YouTube, Twitter, Instagram, Tik Tok, or Snapchat to communicate to anyone any information about this case or to conduct any research or ask any question about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. You must inform me if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is required by law and by your oath that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is imperative that you not be influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and

a mistrial could result, which would require the entire trial process to start over. That juror also

would face potential consequences for violating the oath that I have described, and you each took.

### Instruction # 30: Experiments, Research, and Investigation

Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

Make your decision based only on the evidence that you saw and heard here in court.

## Instruction # 31: Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case. I allowed you to take notes during the parties' opening statements and closing arguments. As I told you before, the lawyers' statements and arguments are not evidence. The same, of course, is true for your notes based on those statements and arguments. Use your notes to aid your memory and for nothing more. Your decision should be based only on my instructions on the law, the evidence, as I have defined it, and nothing else.

## **Instruction # 32: Unanimous Verdict**

Your verdict as to each charge for the defendant, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty of any charge, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves that defendant's guilt beyond a reasonable doubt as to that charge.

To find the defendant not guilty of a charge, every one of you must agree that the government has failed to convince you beyond a reasonable doubt as to that charge.

Either way, guilty or not guilty, your verdict, as to each charge for the defendant, must be unanimous.

## Instruction # 33: Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you finally are free to talk about the case in the jury room and to deliberate. To deliberate is to think about or discuss issues and decisions carefully. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that - your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Each juror is entitled to his or her views and opinions about the evidence and its weight.  You must, however, follow the law as I have instructed.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved each defendant guilty of each charge beyond a reasonable doubt.

Further, all deliberations must occur in the jury room with all jurors present. If any juror leaves the room for a break or other reason, suspend deliberations until the full group has reassembled.

## **Instruction # 34: Punishment**

If you decide that the government has proved the defendant guilty of a charge, it will be my role alone to decide what the appropriate punishment should be.

Deciding what the punishment is not your role – you are the triers of fact. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty of each respective charge beyond a reasonable doubt.

## Instruction # 35: Verdict Form

I have prepared a Verdict Form that you should use to record your verdict.

If you decide that the government has proved the defendant guilty of a charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form as to that charge. If you decide that the government has not proved the defendant guilty of a charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form, as to that charge. After you have resolved the charges, your foreperson should then sign and write the date on the form, in the space indicated. Simply follow the instructions and prompts on the form. Once you have completed, signed, and dated the verdict form, alert the CSO that you have a verdict.

**Instruction # 36: Verdict Limited to Charges Against This Defendant**

Remember that the defendant is on trial only for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

## <u>Instruction # 37: Court Has No Opinion</u>

Now, let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty of a charge beyond a reasonable doubt. The Court is wholly neutral.

***

**(That concludes my instructions.)**